J-S01034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KWAME MASSINA | |
| Appellant | No. 2724 EDA 2014 |

Appeal from the PCRA Order August 13, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001680-2008

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED FEBRUARY 24, 2016**

Appellant, Kwame Massina, appeals from the order entered in the Lehigh County Court of Common Pleas, which denied his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.[2]  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The court denied Appellant's PCRA petition by order dated August 12, 2014, and docketed August 13, 2014.  The record makes clear that Appellant gave his notice of appeal to prison authorities for mailing on September 12, 2014.  Thus, pursuant to the prisoner mailbox rule, Appellant timely filed his notice of appeal.

WHETHER THE TRIAL COURT ERRED IN PERMITTING COUNSEL TO WITHDRAW AND DENYING [APPELLANT'S] PCRA PETITION, WHERE [PCRA] COUNSEL'S ***TURNER/FINLEY***[3] LETTER WAS LEGALLY INSUFFICIENT?

WHETHER PCRA COUNSEL'S "NO-MERIT" LETTER FAILED TO DETAIL THE NATURE AND EXTENT OF [PCRA] COUNSEL'S REVIEW OF THE MERITS OF EACH OF THOSE CLAIMS?

WHETHER PCRA COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE FAILED TO INVESTIGATE, RAISE AND ADDRESS ALL OF THE ISSUES PRESENTED IN [APPELLANT'S] *PRO SE* PCRA PETITION?

WHETHER PCRA COUNSEL WAS INEFFECTIVE IN FAILING TO DO A PROPER INDEPENDENT REVIEW OF THE RECORD?

WHETHER THE TRIAL COURT ERRED IN PERMITTING [PCRA] COUNSEL TO WITHDRAW AND DENYING [APPELLANT'S] PCRA PETITION, WHEREIN PCRA COUNSEL FAILED TO CONTEMPORANEOUSLY SUPPLY [APPELLANT] WITH A COPY OF [PCRA] COUNSEL'S MOTION TO WITHDRAW AND WITH BOTH A COPY OF THE "NO-MERIT" LETTER AND A STATEMENT ADVISING THAT IN THE EVENT THE COURT GRANTS THE MOTION TO WITHDRAW, HE HAS THE RIGHT TO PROCEED *PRO SE* OR HIRE COUNSEL?

WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] *PRO SE NUNC PRO TUNC* OBJECTION TO PCRA COUNSEL'S ***TURNER***/***FINLEY*** LETTER?

(Appellant's Brief at 4-5).[4]

Our standard of review of the denial of a PCRA petition is limited to

---

[3] ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] For purposes of disposition, we have reordered Appellant's issues.

examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012). The PCRA court findings will not be disturbed unless the certified record provides no support for the findings. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa.Super. 2008), *appeal denied*, 598 Pa. 764, 956 A.2d 433 (2008).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit, (2) counsel had no reasonable strategic basis for his action or inaction, and, (3) but for the errors and omissions of counsel, there is a reasonable

probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Douglas G. Reichley, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (***See*** Trial Court Opinion, filed January 28, 2015, at 9-14) (finding: **(issues 1-4)** PCRA counsel filed lengthy and detailed "no merit" letter with his petition to withdraw, in which he thoroughly reviewed all forty-two issues raised in Appellant's *pro se* supplemental PCRA petition; PCRA counsel properly and thoroughly addressed each of Appellant's issues throughout "no merit" letter; where Appellant's issues were not patently meritless, PCRA counsel documented what steps he took to review merits of issue; where issues were patently legally meritless, PCRA counsel properly noted this in "no merit" letter; except for issues that were patently legally meritless, PCRA counsel provided detailed explanation of nature and extent of his review of issues and why he determined issues were meritless; PCRA counsel noted he spoke with trial counsel, reviewed trial transcripts, and reviewed record prior to preparation of "no merit" letter; court reviewed PCRA counsel's "no merit" letter and concluded it addressed each issue in

Appellant's *pro se* supplemental PCRA petition; PCRA counsel conducted complete review of record and took every necessary step to discern whether Appellant had any ground for PCRA relief; "no merit" letter complied with dictates of ***Turner*/*Finley*** and court properly granted PCRA counsel's petition to withdraw; **(issue 5)** in "no merit" letter mailed to Appellant, PCRA counsel informed Appellant that he could either represent himself or hire new counsel if court permitted PCRA counsel to withdrawal; at July 15, 2014 hearing on PCRA counsel's petition to withdraw, court further informed Appellant of status of his case and detailed Appellant's options after court granted PCRA counsel's petition to withdraw; Appellant was aware of petition to withdraw and his options moving forward prior to 7/15/14 hearing; thus, court properly granted PCRA counsel's petition to withdraw **(issue 6)** court denied Appellant's *pro se nunc pro tunc* objection because it was procedurally improper, untimely and meritless; at July 15, 2014 hearing, court granted PCRA counsel's petition to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition without hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 notice"); on August 6, 2014, Appellant filed timely response to court's Rule 907 notice; on August 12, 2014, after review of Appellant's response to court's Rule 907 notice and Appellant's PCRA petition, court determined dismissal without hearing was appropriate because no arguably meritorious grounds for relief existed; on August 28, 2014, Appellant filed *pro se nunc pro tunc* objection to PCRA counsel's "no

merit" letter after court had already dismissed Appellant's PCRA petition; under these circumstances, court properly denied Appellant's August 28, 2014 objection as untimely because Appellant's August 6, 2014 response to Rule 907 notice demonstrated Appellant's understanding of status of his case). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2016

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTYPENNSYLVANIA, CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    )
    )
       vs.                      )      No. 1680 of 2008
    )      2724 EDA 2014
KWAME MASSINA,            )
              Appellant     )

### ORDER

**AND NOW**, this 27th day of January, 2015,

**IT APPEARING** that the Appellant has filed a Notice of Appeal in the above-captioned matter;

**IT FURTHER APPEARING** that the accompanying Memorandum Opinion satisfies the requirements of Pa.R.A.P. 1925 (a);

**IT IS HEREBY ORDERED** that the Clerk of Courts, Criminal, transmit the record of the above-captioned matter to the Superior Court forthwith.

By the Court:

_____
Douglas G. Reichley, J.

1

COMMONWEALTH OF PENNSYLVANIA )
)
vs. )          No. 1680 of 2008
)          2752 EDA 2012
KWAME MASSINA, )
            Appellant )

## 1925(a) Opinion

**January 27, 2015**

Douglas G. Reichley, J.

Kwame Massina, Appellant, filed a Notice of Appeal on September 23, 2014 following

this Court's dismissal of his Post-Conviction Relief Act (PCRA) petition pursuant to 42

Pa.C.S.A § 9541 et seq. on September 8, 2014. For the reasons set forth herein, Appellant's

PCRA petition was meritless and the instant appeal should be dismissed.

### Factual History

On January 31, 2008 at approximately 12:30 a.m., Officer Jeffrey Rush of the Allentown

Police Department was on routine patrol when he witnessed what he believed to be a large scale

fight outside Trinkle's Bar in the 500 block of Turner Street in Allentown, Lehigh County,

Pennsylvania. Officer Rush saw roughly two dozen people leaving the bar, some of whom were

holding pool cues or alcoholic drinks. The bar patrons pointed out a medium-build man running

from the scene dressed in dark clothing and a hoodie who was identified as possessing a gun.

Officer Rush lost sight of the man as he ran east on Turner Street and then north on Law Street.

When Officer Rush went back to Trinkle's Bar, he found a man on his back on the floor

bleeding profusely from his head. The man, later identified as William "Big Will" Spearman,

2

was unresponsive and had a large neck wound. The officer noticed the faint smell of gunpowder in the bar. Spearman later died.

Officer Rush saw a woman, Margarita Morales, was giving CPR to the victim. Ms. Morales later related to the police she had been in the bar for about 7 hours when she noticed the victim and a man identified as the Appellant coming out of the bathroom in the bar and having a physical struggle. During this struggle, Ms. Morales saw the Appellant with a gun and heard two gunshots. After the gunfire, Morales saw Spearman slump to the floor and people running from the bar.

Ms. Iris Rodriguez was also at the bar that night. While in the ladies bathroom, Rodriguez heard a loud argument. When she came out of the bathroom, Rodriguez began to speak with Morales when she saw the Appellant leave from the mens' bathroom, then go back in, followed by a struggle between the Appellant and Spearman. Ms. Rodriguez saw Appellant with a gun and then heard shots ring out.

The bartender Edward Reid also heard a loud bang and saw patrons fleeing from one end of the bar. Mr. Reid then saw the victim on the floor bleeding and called 911.

At the scene of the shooting, the police recovered a New York Yankees baseball hat from the pool table close to the victim. Surveillance videotape from within the bar showed the suspect wearing a Yankees hat. DNA evidence recovered from inside the Yankees hat was compared the Appellant's known DNA profile. While the DNA analysis could not determine a match with the Appellant, the analysis did determine that 1 in 2,700 unrelated Caucasians, 1 in 3,900 unrelated African-Americans, and 1 in 3,200 unrelated Hispanics would be expected to be included in the DNA mixture found on the Yankees hat headband.

An autopsy revealed the victim died from multiple gunshot wounds. The manner of death was identified as homicide.

Further analysis of the surveillance videotape from the bar showed the struggle between the victim and the shooter. The victim was seen on the floor with the shooter standing over him holding a gun while wearing a Yankees hat. However, the shooter's face was partially obscured by a hoodie.

Upon reviewing a photographic array, Mr. Reid identified the Appellant as the shooter, but admitted he could only be 60% sure of his identification. Ms. Rodriguez and Ms. Morales viewed the same photo array and both identified the Appellant as the shooter.

At trial, the Commonwealth also presented testimony from Charles Sumpter, a cellmate of the Appellant. Sumpter testified the Appellant confessed to shooting Spearman and that the Appellant revealed various details of the homicide which had not been disclosed in press accounts about the shooting, including where the Appellant placed the gun after the shooting. The gun though was never recovered by the police.

## Procedural History

Appellant was convicted on September 4, 2009 following a jury trial on one count of Criminal Homicide graded by the jury as Murder in the First Degree. The Appellant was sentenced by the Honorable Lawrence J. Brenner on October 15, 2009 to life imprisonment without parole.

On October 23, 2009, the Appellant filed post-sentence motions including a Motion for Judgment of Acquittal/Motion in Arrest of Judgment and for a New Trial; a Motion challenging the Sufficiency of the Evidence; and a Motion Challenging the Verdict as against the Weight of the Evidence. Those motions were denied on February 1, 2010. A Notice of Appeal was filed on

or about February 24, 2010. On appeal, the Appellant challenged the decision of the Suppression Court in denying the omnibus pretrial motion to suppress identification of the Appellant from a photo array, the trial court's decision to allow a videotape into evidence before the jury, the trial court's decision to deny the Appellant's motion in limine to exclude DNA evidence, and the trial court's denial of the Appellant's post-trial motions challenging the weight and sufficiency of the evidence. The Superior Court affirmed the conviction and sentence on October 28, 2010. The Pennsylvania Supreme Court denied a petition for allowance of appeal on March 16, 2011.

The Appellant was originally represented by Attorney Dennis Charles of the Lehigh County Public Defender's Office. However, on January 26, 2009, that office was granted permission to withdraw as counsel for the Appellant, and Kimberly Makoul, Esq. was appointed by the Honorable Kelly L. Banach to represent the Appellant. Upon the filing of the PCRA petition on March 16, 2012, the undersigned appointed Robert Long, Esq. as PCRA counsel on March 19, 2012. Subsequent to his review of the facts of this case and the applicable caselaw, Attorney Long filed a Motion to Withdraw as Counsel following his submission of a "Finley" letter indicating there were not any cognizable grounds for relief under the PCRA statute.

On June 5, 2012, following a hearing attended by the Appellant and his court-appointed counsel, the Court granted Attorney Long's petition to withdraw as counsel and indicated the Court's intention to dismiss the PCRA petition without a hearing under Pa.R.Crim.P. 907. The Court granted the Appellant 90 days to respond to the notice from the Court of the intention to dismiss the PCRA petition or to allege any other grounds of ineffectiveness of counsel not previously specified. The Appellant filed a responsive pleading on August 20, 2012.

On August 22, 2012, the Court denied and dismissed the PCRA petition. The Appellant mailed a Notice of Appeal from this order on September 21, 2012. The Appellant was directed to

5

file a Concise Statement of Matters Complained of on Appeal. After granting the Appellant additional time to file his 1925(b) Statement until November 9, 2012, the Appellant filed his Concise Statement on October 31, 2012. Appellant's Concise Statement alleged thirty-eight (38) grounds for relief.

The Court prepared its 1925(a) Opinion addressing each ground for relief. In addition to authoring that opinion, the Court separately advised the Superior Court that it determined that counsel's *Turner/Finley* letter was legally insufficient and indicated that a remand would be appropriate.

On August 15, 2013, the Superior Court remanded the case pursuant to this Court's letter request. Upon receiving the Superior Court's opinion, this Court ordered that David D. Ritter, Esq. be appointed to represent Appellant in his PCRA petition. The Court afforded Attorney Ritter sixty days to file either an Amended PCRA petition or an appropriate *Turner/Finley* letter.

Appellant filed a *pro se* thirty-page document entitled "Amended/Supplement to P.C.R.A. Petition" on September 4, 2013. Because counsel had been appointed, the Court forwarded that petition to Attorney Ritter for review without acting on it.

Attorney Ritter was a conflicts attorney for Lehigh County at the time of his appointment to this case. However, he resigned from that position effective November 15, 2013. Attorney Ritter notified Appellant of that determination by letter dated October 18, 2013. In the same letter, Attorney Ritter indicated that he would be requesting a ninety-day extension to file an Amended PCRA Petition so that his replacement in the conflict counsel position could have adequate time to review the case.

Appellant wrote to the Court to communicate his concern about Attorney Ritter's retirement from the conflicts position and the lack of communication Attorney Ritter had with

Appellant regarding the instant case. The Court wrote a letter back to Appellant informing him that new counsel would be appointed and the Court would properly allow adequate time for that attorney to review the matter and file whatever was appropriate.

Attorney Sean T. Poll was hired as conflicts counsel and was advised that he would be assigned to Appellant's case in late-2013 or early 2014. Attorney Poll contacted the Court in early-January 2014 to discuss the procedural status of the case and the time deadlines applicable thereto. On January 16, 2014, the Court again responded to a correspondence from Appellant regarding the status of his counsel.

On January 27, 2014, Attorney Poll was formally appointed to Appellant's case. He was given ninety (90) days to file an Amended PCRA or a *Turner/Finley* letter at his discretion.

On April 21, 2014, Attorney Poll filed a petition requesting an extension of time for an additional thirty days, citing the fact that he was still waiting on trial counsel's files and had not been able to review all of the relevant materials. The Court granted the extension on April 22, 2014 and afforded counsel an additional thirty days.

On May 22, 2014, Attorney Poll filed a formal Motion to Withdraw. Unlike the prior *Turner/Finley* letter filed in 2012, Attorney Poll's motion thoroughly discussed each of Appellant's forty-two (42) issues on appeal and explained that all of them were either meritless or not cognizable under the PCRA. The Court reviewed that motion and found that it was appropriate. Accordingly, the Court placed Appellant on notice of its intent to dismiss his PCRA pursuant to Pa.R.Crim.P. 907 by order dated July 15, 2014. On July 15, 2014, the Court orally granted Attorney Poll's motion to withdraw as counsel. Appellant filed a response on August 6, 2014.

On August 12, 2014, after careful review of Attorney Poll's letter and the issues Appellant raised, the Court denied and dismissed Appellant's PCRA. On August 28, 2014, Appellant filed a *pro se* "Nunc Pro Tunc Objection to Finley/Turner Letter," which the Court dismissed in an order with a footnote explaining that the PCRA was dismissed based on its lack of merit.

On September 23, 2014, Appellant filed a Notice of Appeal.[1] On September 26, 2014, the Court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal.

On October 1, 2014, Appellant submitted a *pro se* letter regarding the dismissal of his PCRA to the Lehigh County Prothonotary. On the same day, the Court entered an order releasing Attorney Poll from representation of Appellant.[2]

Also on October 1, 2014, out of an abundance of caution, the Court appointed new counsel to Appellant for appellate purposes, Attorney Matthew Rapa. Appellant filed a *pro se* Concise Statement on October 9, 2014, but because counsel had already been appointed, the Court forwarded that filing to Attorney Rapa for his consideration and review. On October 23, 2014, Attorney Rapa requested additional time to file a Concise Statement, which the Court granted on October 27, 2014.

On December 22, 2014, Attorney Rapa requested additional time to file his Concise Statement, which the Court granted the same day.

On January 21, 2015, Attorney Rapa filed the Concise Statement for Appellant.

This Opinion follows.

---

[1] Pursuant to the prisoner mailbox rule, the Court treated the appeal as timely because it was dated September 12, 2014.

[2] While the Court had previously granted Attorney Poll's motion to withdraw, through an oversight, a written order was never generated. The October 1, 2014 order created a record entry consistent with the oral grant of Attorney Poll's motion on July 15, 2014.

8

## Discussion

Appellant raises six issues on appeal, all with respect to the Court allowing Attorney Poll to withdraw as counsel. In summary form, these issues are as follows:

1. PCRA counsel's *Turner/Finley* letter was legally insufficient;

2. PCRA counsel failed to address all of Appellant's issues;

3. PCRA counsel's letter failed to detail the nature and extent of counsel's review of each of the issues being raised;

4. The Court erred in permitting PCRA counsel to withdraw based on counsel's alleged failure to contemporaneously supply Appellant with a copy of the motion to withdraw and a copy of the no-merit letter;

5. The Court erred in denying Appellant's *pro se Nunc Pro Tunc* objection to the *Turner/Finley* letter;

6. PCRA counsel was ineffective for failing to conduct a proper independent review of the record.

Each of these issues is discussed herein. Preliminarily, in order to be eligible for relief under the PCRA, a defendant must prove by a preponderance of the evidence that his conviction or sentence resulted from a violation of the Pennsylvania Constitution or the federal Constitution, or ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Daniels*, 17 A.3d 297 (Pa. Super. 2011). There is not any requirement that the PCRA court hold a hearing on every issue a petitioner raises. *Commonwealth v. Clark*, 599 Pa. 204, 961 A.2d 80 (2008). After the PCRA court dismisses a PCRA without a hearing, a defendant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the

court otherwise abused its discretion in denying a hearing. *Commonwealth v. Paddy*, 15 A.3d 431 (Pa. Super. 2011).

**Issues 1, 2, 3, and 6: Legal Sufficiency of *Turner/Finley* Letter and PCRA Counsel's Investigation**

This case is somewhat unique because prior counsel had filed a *Turner/Finley* letter that the Court, upon further review while preparing an opinion for the appeal, determined was legally insufficient. Once new counsel was appointed and had sufficient time to review Appellant's case, counsel filed his own *Turner/Finley* letter, which was much more detailed than the initial one. Accordingly, the first issue on appeal is the legal sufficiency of that second letter.

The requirements of a *Turner/Finley* letter and dismissal granting appointed counsel's withdrawal request were specifically and succinctly articulated in *Commonwealth v. Friend* as follows:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims,
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;
> 5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and
> 6) the court must agree with counsel that the petition is meritless.

*Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006).

Addressing each of these requirements in turn, first, the record clearly reflects that a lengthy and detailed "no-merit" letter was attached to counsel's motion to withdraw.

Regarding the substantive merits of the letter, prior to granting counsel's motion to withdraw, the Court reviewed the contents of the letter in thorough detail. The letter is of record for the Superior Court to review. In counsel's letter, counsel thoroughly reviews each of the forty-two (42) issues Appellant sought to raise in his PCRA.

By way of example, in the first issue, Appellant sought to argue that both the Commonwealth and defense counsel failed to test certain physical evidence found at the crime scene. However, in Attorney Poll's letter, he accurately indicated that the Commonwealth need not test everything found at a crime scene; its only obligation is to acquire sufficient evidence to sustain its burden of proof. As for defense counsel not requesting that it be tested, Attorney Poll spoke to defense counsel who indicated she did not have a specific door knob at issue tested because by the time she was assigned to his case, too much time had passed to viably test the door knob.

Another example is in issue number 14 where Appellant sought to argue that Attorney Makoul, his trial counsel, was ineffective for failing to present issues well. The letter indicates that Attorney Poll reviewed the trial transcript and concluded that the issue was meritless because Attorney Makoul presented an effective case.

Consistently throughout the *Turner/Finley* letter, counsel properly and thoroughly addressed each issue. In those instances where issues were not patently meritless, counsel indicated what steps he took to review the merits of the issue. In other instances, issues were facially or legally meritless and it was sufficient for counsel to simply note that as the case. For example, the second issue Appellant sought to pursue was, "Was it Governmental interference to issue an illegal sentence in violation of the *Tarver* decision?" Appellant was convicted of first

11

degree murder, and as Attorney Poll properly noted, the penalty for first degree murder is life imprisonment, rendering this claim meritless.

In sum, in his *Turner/Finley* letter, Attorney Poll thoroughly and properly reviewed every issue Appellant sought to raise and explained very clearly and concisely what steps he undertook to review that issue and why it was meritless. Accordingly, the first issue on appeal alleging legal insufficiency of the letter is meritless.

Next, as discussed in detail both above and in the body of the *Turner/Finley* letter, counsel thoroughly investigated and addressed each of Appellant's issues in preparing the letter. Counsel detailed the nature and extent of his review of every single issue except in those circumstances where the issues were facially legally meritless. This included conducting conversations with Appellant's trial counsel, reviewing the transcript of the trial, and reviewing the record wherever appropriate.

All of these actions render Appellant's first, second, third, and sixth issues on appeal meritless. The Court reviewed the *Turner/Finley* letter and concluded that it thoroughly addressed every issue Appellant sought to raise in his PCRA. The letter further demonstrated that counsel took every necessary step to review each of these issues so as to properly conduct a complete review of the record in order to discern whether there was any ground for PCRA relief. As a result, the *Turner/Finley* letter was legally sufficient and counsel was properly permitted to withdraw as a consequence.

**Issue 4: PCRA Counsel's Compliance with Procedural Requirements**

Appellant argues that counsel failed to provide him the proper notice of his options pursuant to the requirements of filing a withdrawal motion with a *Turner/Finley* letter. "PCRA counsel must contemporaneously forward to the petitioner a copy of the

12

application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel." *Friend*, 896 A.2d at 615.

In this case, at the end of counsel's letter, he explains, "I have enclosed a copy of the Petition to Withdraw as Counsel with this attached letter, which I will be filing with the court. *If the court permits me to withdraw, you will have the option of either representing yourself or hiring counsel of your own choosing.*" (*Turner/Finley letter*, at [9].)

Additionally, on July 15, 2014, the Court conducted a hearing in consideration of counsel's motion to withdraw during which Appellant was provided notice on the record of the status of his PCRA and his options following the Court's decision to grant the withdrawal petition.

Accordingly, this issue is meritless and no relief is due.

### Issue 5: Dismissal of Appellant's *Pro Se* Objection to *Turner/Finley* Letter

The final issue on appeal involves the Court's dismissal of a *pro se* filing objecting to Attorney Poll's *Turner/Finley* letter. The filing was dismissed because it was procedurally improper, untimely, and meritless. A brief review of the relevant procedural history sheds some light on this issue.

On May 22, 2014, PCRA counsel filed his withdrawal motion along with the *Turner/Finley* letter. The Court scheduled a hearing for July 15, 2014 because of the procedural issues that had previously impacted this case so that Appellant could be

13

advised on the record of what was transpiring and be given a full and fair opportunity to object.

At the July 15, 2014 hearing, it was explained that the motion to withdraw would be granted and that Appellant would be afforded notice of the Court's intent to dismiss his PCRA without a hearing pursuant to Pa.R.Crim.P. 907. Appellant was given appropriate time to respond. In fact, Appellant *did* file a type-written response on August 6, 2014 to the Court's notice.

The Court reviewed that response and the issues Appellant sought to raise and determined that there was no arguably meritorious ground for relief necessitating a hearing. Accordingly, the PCRA was denied and dismissed on August 12, 2014.

On August 28, 2014, Appellant filed a *pro se* document entitled "Nunc Pro Tunc Objection to Finley/Turner Letter. By that time, the PCRA had already been dismissed. Additionally, Appellant demonstrated his cognizance of the time frame because he *timely* filed a response to the Court's Notice of Intent to Dismiss.

In contrast to the August 6, 2014 response, the August 28, 2014 filing was untimely. It also failed to raise anything meritorious. Accordingly, it was properly dismissed.

14

## Conclusion

For the foregoing reasons, the instant appeal is meritless. PCRA counsel was given ample time to prepare and to conduct an independent investigation of the issues. The *Turner/Finley* letter thoroughly and properly addresses all of the issues Appellant sought to raise and explains why they are not meritorious or are improper for PCRA review. Additionally, the letter properly advised Appellant of his rights as required by governing case law. Finally, Appellant's *pro se* filing on August 28, 2014 was properly dismissed in light of the procedural posture of the case. Consequently, Appellant's PCRA was properly dismissed and the within appeal is meritless. The Court respectfully recommends that its dismissal of Appellant's PCRA be affirmed.

By the Court:

Douglas G. Reichley, J.